# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| AUDIEL MONDRAGON, | : |
| Plaintiff, | : Civil Action Number: 4:14-cv-28-HLM |
| | : |
| vs. | : |
| | : |
| AMERICAN CARPET WHOLESALERS OF GEORGIA, INC. and JERRY BRYSON, | : |
| Defendants. | : |

## COMPLAINT

Plaintiff Audiel Mondragon ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendants American Carpet Wholesalers of Georgia, Inc. ("American Carpet") and Jerry Bryson and ("Bryson") and shows the Court as follows:

## INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), (hereinafter "the FLSA") to (1) recover due but unpaid overtime compensation; (2) an additional like amount as liquidated damages; and (3) to be reimbursed his costs of litigation, including his reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because American Carpet is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Plaintiff resides in Whitfield County, Georgia.

5.

American Carpet employed Plaintiff as a shipper and receiver in and around Dalton, Georgia from 2008 until approximately July 5, 2013.

6.

At all times material hereto, Plaintiff was an "employee" of American Carpet as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about February 2011 until July 5, 2013, Plaintiff was "engaged in commerce" as an employee of American Carpet as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

American Carpet is a corporation organized under the laws of the State of Georgia.

9.

At all times material hereto, American Carpet was an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

10.

From in or about February 2011 until July 5, 2013, American Carpet was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

During 2011, American Carpet had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

12.

During 2012, American Carpet had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2013, American Carpet had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2011, American Carpet had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

15.

During 2012, American Carpet had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

16.

During 2013, American Carpet had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2011, American Carpet had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

18.

During 2012, American Carpet had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

19.

During 2013, American Carpet had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

20.

At all times material hereto, American Carpet has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

21.

American Carpet is subject to the personal jurisdiction of this Court.

22.

American Carpet may be served with process through its registered agent Jerry Bryson at its principal office located at 2317 Chattanooga Road, Dalton, Georgia 30720.

23.

Bryson resides within Whitfield County, Georgia.

24.

At all times material hereto, Bryson exercised operational control over the work activities of Plaintiff.

25.

At all times material hereto, Bryson was involved in the day to day operation of the American Carpet in which Plaintiff worked.

26.

At all times material hereto, American Carpet vested Bryson with supervisory authority over Plaintiff.

27.

At all times material hereto, Bryson exercised supervisory authority over Plaintiff.

28.

At all times material hereto, Bryson scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

29.

At all times material hereto, Bryson exercised authority and supervision over Plaintiff's compensation.

30.

At all times material hereto, Bryson has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

31.

Bryson is subject to the personal jurisdiction of this Court.

32.

Bryson may be served with process at American Carpet's principal office located at 2317 Chattanooga Road, Dalton, Georgia 30720.

33.

At all times material hereto, American Carpet, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

34.

At all times material hereto, American Carpet did not employ Plaintiff in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

35.

At all times material hereto, American Carpet did not employ Plaintiff in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

36.

At all times material hereto, American Carpet did not employ Plaintiff in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

37.

At all times material hereto, American Carpet did not employ Plaintiff in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

38.

At all times material hereto, American Carpet paid Plaintiff on an hourly basis.

39.

At all times material hereto, American Carpet did not pay Plaintiff on a salaried basis.

40.

At all times material hereto, American Carpet paid Plaintiff his regular hourly rate for all hours worked in every work week.

41.

At all time relevant hereto, American Carpet failed to pay Plaintiff the overtime premium required by the FLSA when he worked more than forty (40) hours in a given workweek.

## COUNT I - FAILURE TO PAY OVERTIME

42.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

43.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

44.

During his employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

45.

Defendants failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from February 2011 through July 5, 2013.

46.

Defendants willfully failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from February 2011 through July 5, 2013.

47.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

48.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

49.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

|  |  |
|---|---|
|  | *DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC* |
|  | *S/ MICHAEL A. CALDWELL* |
| 3100 CENTENNIAL TOWER | MICHAEL A. CALDWELL |
| 101 MARIETTA STREET | GA. BAR NO. 102775 |
| ATLANTA, GEORGIA 30303 |  |
| (404) 979-3150 | *S/CHARLES R. BRIDGERS* |
| (404) 979-3170 (f) | CHARLES R. BRIDGERS |
| michaelcaldwell@dcblegal.com | GA. BAR NO. 080791 |
| charlesbridgers@dcbflegal.com |  |
|  | **COUNSEL FOR PLAINTIFF** |