# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (hereinafter the "Agreement") is entered into by and between American Carpet Wholesalers of Georgia, Inc. and Jerry Bryson (hereinafter, "Defendants") and Audiel Mondragon (hereinafter "Plaintiff"). Collectively, Defendants and Plaintiff are referred to as the "Parties."

WHEREAS, Plaintiff and Defendants are parties to a civil action pending in the United States District Court for the Northern District of Georgia, Atlanta Division, styled *Audiel Mondragon v. American Carpet Wholesalers of Georgia, Inc., and Jerry Bryson, Defendants,* Civil Action No. 4:14-cv-00028-HLM (hereinafter referred to as the "Litigation"), which action arises out of or relates to the employment of or work performed by the Plaintiff;

WHEREAS, in the Litigation, Plaintiff claims that the Defendants intentionally and willfully failed to pay him the required compensation under the Fair Labor Standards Act ("FLSA") and Defendants deny these allegations;

WHEREAS, Plaintiff and Defendants desire to enter into an agreement resolving and settling all claims, allegations and causes of action asserted or which could have been asserted by Plaintiff in the Litigation that arise out of or relate to compensation for any work performed by Plaintiff for Defendants; and

WHEREAS, Plaintiff warrants and represents that he has not assigned any of the claims against Defendants that are released in this Agreement to any other person or entity and that no attorneys other than Michael A. Caldwell and Kevin D. Fitzpatrick, Jr. of DeLong Caldwell Bridgers & Fitzpatrick, LLC have a claim for attorneys' fees and/or costs arising from Plaintiff's claims released in this Agreement; and

WHEREAS, this Agreement constitutes a good faith settlement of all of Plaintiff's disputed claims and allegations that were asserted or could have been asserted by Plaintiff in the Litigation arising out of or relating to compensation for any work performed by Plaintiff for Defendants, and shall not be deemed in any manner an admission, finding, or indication, for any purposes whatsoever, that the Defendants, or any of its officials, officers, employees, and/or other agents acted contrary to law or violated the rights of Plaintiff or any other person at any time.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1.     **Consideration.**  In consideration of the Agreement and other good and sufficient consideration, including Plaintiff's agreement to dismiss with prejudice the Litigation, Defendants agree to pay Plaintiff and his attorneys the total gross sum of Fourteen Thousand Four Hundred Forty Three dollars and twenty cents  ($14,443.20) payable as follows:

a.     The sum of Four Thousand Thirty One Dollars and 72 Cents ($4,031.72) less all federal, state, and other applicable taxes and withholdings, payable to Plaintiff in settlement of Plaintiff's claims for alleged unpaid wages under the Fair Labor Standards Act (FLSA) and for which Plaintiff will receive a Form W-2.

b.     The sum of Four Thousand Thirty One Dollars and 72 Cents ($4,031.72) with no withholdings or deductions, payable to Plaintiff for alleged liquidated damages under the FLSA for which a Form 1099 shall issue to Plaintiff.

c.     The sum of Six Thousand Three Hundred Seventy Nine dollars and 75 Cents ($6,379.75) attorneys' fees and costs, payable to Michael A. Caldwell, Attorney for which a Form 1099 shall issue to Michael A. Caldwell

d.     Plaintiff agrees to pay all taxes, if any, which may be deemed owing on the payments under this section, except for Defendant's portion of FICA and other employer portion tax contributions associated with the payment designated as unpaid wages.  Plaintiff further agrees that he will indemnify and hold Defendants and its related and affiliated entities harmless from and against any taxes, penalties and/or interest that might arise from any challenge by the Internal Revenue Service or similar state agency to Plaintiff's tax treatment of any amounts paid to him, except for any challenge associated with Defendant's responsibility for the employer portion of FICA and other employer portion tax contributions associated with the payment designated as unpaid wages.

f.     Plaintiff represents and warrants that Michael A. Caldwell and Charles R. Bridgers of DeLong Caldwell Bridgers & Fitzpatrick, LLC are and have been the sole attorneys for him with respect to the Litigation and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Litigation; and that all legal fees, costs, and/or expenses for which Defendants could be liable in connection with the Litigation are discharged.

g.     The settlement checks described in Paragraph 1 a., b. and c.  shall be transmitted to DeLong Caldwell Bridgers & Fitzpatrick, LLC within the time period specified in Paragraph 3 below.

2. **Release & Waiver of All Claims.**

a. In exchange for the payments set forth in Paragraph 1 a., b. and c. above, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, for himself, his agents, assigns, heirs, executors, administrators, and successors, fully and absolutely **RELEASES AND FOREVER DISCHARGES** Defendants, and each of its present and former predecessors, successors and assigns, and the present and former officials, officers, employees, agents, insurers, attorneys, partners, consultants, managers, and representatives (whether in their official or individual capacities), and all persons acting by, through, under or in concert with any of them, whether past, present or future (collectively "Released Parties"), from any and all allegations, claims, demands, rights, charges, actions, causes of action, liabilities, damages, costs, attorneys' fees and expenses, whether known or unknown, which were asserted or which could have been asserted in the Litigation and which are based on, related to, or arise from the alleged failure by Defendants to properly compensate Plaintiff for all hours worked for or on behalf of Defendants. This release specifically includes all claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., as well as all other federal, state, local, statutory or common laws relating to the alleged failure by Released Parties to compensate Plaintiff for all time worked for or on behalf of Defendants.

b. In exchange for the payment set forth in Paragraph 1 a., b. and c., above, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, for himself, his agents, assigns, heirs, executors, administrators, and successors hereby fully, finally, and **RELEASES AND FOREVER DISCHARGES** the Released Parties from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses, and attorneys' fees of any kind and every character whatsoever, whether known or unknown, which he has or may have against any of the Released Parties pertaining to any transaction, dealing, conduct, act, or omission by and between them, or any other matters or things occurring or existing at the time of and any time prior to the execution of the Agreement, related to Plaintiff's employment with Defendants including, but not limited to, any claims that were alleged or could have been alleged in the Litigation. The claims waived and released by Plaintiff include all possible claims that could have been made by Plaintiff in the Litigation under the Family and Medical Leave Act, the Americans with Disabilities Act, the Equal Pay Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, 42 U.S.C. § 1981, and any and all possible claims under federal laws and/or the laws of the State of Georgia; any and all claims for breach of contract; any and all possible claims under common law; and any and all claims for back pay, fringe benefits, interest, front pay, compensatory and/or punitive damages, costs, and attorneys' fees.

c.  This Settlement Agreement and Release is not intended to compromise Mr. Mondragon's pending worker's compensation claim. Mr. Mondragon states and warrants that he has reported any and all accidents or injuries related to his employment as of the current date.

3.  **Court Approval.**  The Parties agree that, upon execution of this Agreement, they shall file a joint motion for approval of the settlement with the United States District Judge before whom this Litigation is pending for the purposes of obtaining court approval in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. All Parties agree that they will set the joint motion for hearing as soon as possible, if necessary.  After the court approves the settlement of this Litigation, Defendants will transmit the payments required under Paragraphs 1 a., b., c. to DeLong Caldwell Bridgers & Fitzpatrick, LLC within ten (10) business days.  If the District Court does not approve this Agreement, it shall be void ab initio.

4.  **Dismissal of Action.**

5.  Upon Plaintiff's receipt of the payments required under Paragraphs 1 a., b., c. and d., the Parties, through counsel of record, agree to fully execute and file the Stipulation of Dismissal with Prejudice attached hereto as Exhibit 1, with the court within two (2) business days.

6.  Plaintiff represents that, as of the date Plaintiff signs this Agreement, he has not filed or initiated, or caused to be filed or initiated, any complaint, claim, action or lawsuit of any kind against any of the Released Parties in any federal, state or local court or agency other than the Litigation.  Plaintiff agrees not to initiate or file, or cause to be initiated or filed, any action, lawsuit, complaint or proceeding asserting any of the claims released by this Agreement against any of the Released Parties.  Plaintiff further agrees not to be a member of any class or collective action in any court or in any arbitration proceeding seeking relief against the Released Parties based on claims released by this Agreement, and that even if a court or arbitrator rules that Plaintiff may not waive a claim released by this Agreement, Plaintiff will not accept any money damages or other relief.  Plaintiff agrees to promptly reimburse Defendants for any legal fees that Defendants incurs as a result of any breach of this paragraph by Plaintiff.

7. **Execution.** This Agreement shall become effective upon its approval by the court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument. Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed as an original.

8. **Entire Release.** Plaintiff affirms that the only consideration for his decision to execute and his execution of the Agreement are the terms stated herein and that there are no other promises or arrangements of any kind which have caused him to execute the Agreement; that he has been advised to and has consulted with his attorneys regarding the terms, conditions and the final and binding effect of this Agreement; and he understands the meaning of the Agreement and its final and binding effect.

9. **Severability.** Each provision of this Agreement shall be considered separable, distinct, and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity, or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable. Notwithstanding the foregoing sentence, if Paragraphs 1 or 2, including subparagraphs, are found to be invalid by a court of competent jurisdiction, the entire Agreement is invalid.

10. **Amendments.** Any modification or change to this Agreement must be made in writing and signed by all Parties.

11. **Construction.** The language contained in this Agreement shall be deemed to be approved jointly by the Parties, and no rule of strict construction shall be applied against any Party hereto. No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any Party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

12. **Governing Law.** This Agreement is executed in the State of Georgia and all terms of this Agreement shall be governed and construed pursuant to the laws of the State of Georgia.

The Parties further warrant and represent as follows: **I HAVE CAREFULLY READ AND FULLY UNDERSTAND THE PROVISIONS OF THIS AGREEMENT INCLUDING PLAINTIFF'S RELEASE AND WAIVER OF ALL CLAIMS AGAINST DEFENDANTS. I HAVE ENTERED INTO THIS AGREEMENT KNOWINGLY AND VOLUNTARILY AS AN ACT OF MY OWN FREE WILL AND HAVE NOT RELIED UPON ANY OTHER REPRESENTATION OR**

STATEMENT, WRITTEN OR ORAL. I HAVE HAD AN OPPORTUNITY TO CONSULT WITH AN ATTORNEY AND, IF NECESSARY, WITH OTHER PERSONAL ADVISORS OF MY CHOOSING, PRIOR TO EXECUTING THIS AGREEMENT AND WAIVING ANY AND ALL CLAIMS, AND I HAVE HAD SUFFICIENT TIME AND OPPORTUNITY TO DO SO.

IN WITNESS WHEREOF, the undersigned has executed this Settlement Agreement and Release of All Claims.

**ACCEPTED AND AGREED BY AUDIEL MONDRAGON**

By: *Audiel Mondragon*
Audiel Mondragon

Sworn to and subscribed
before me this __14__ day
of __May__, 2014.

_____
NOTARY PUBLIC

My Commission Expires: __4-17-15__.

<Signatures continued on next page.>

ACCEPTED AND AGREED BY
AMERICAN CARPET WHOLESALERS OF GEORGIA, INC.

By: _____
Name: Jerry Bryson
Title: PRESIDENT

ACCEPTED AND AGREED BY
JERRY BRYSON

_____